## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Dung Kim Thi Lai,**

        **Plaintiff,**

**v.**                                   **Case No. 13-1221-JWL**

**Bank of America, N.A.,**

        **Defendant.**

### MEMORANDUM & ORDER

In October 2010, plaintiff met with one of defendant's loan officers in Dodge City, Kansas for the purpose of selling a property in Liberal, Kansas and verifying that plaintiff and her former spouse had no further joint obligations to the Bank or any further joint "loan ability or mortgage ability" with the Bank and, to the extent such obligations existed, that they would be "closed, canceled or released." The loan officer allegedly verified at that time that no mortgage or loan obligations to the Bank existed between plaintiff and her former spouse. In February 2011, plaintiff's former spouse borrowed $20,000 from an open home equity line of credit executed by plaintiff and her former spouse in 2007 and secured by property owned by plaintiff and her former spouse. Upon withdrawing those funds, plaintiff's former spouse filed for bankruptcy. The Bank sued plaintiff to recover the balance due on the defaulted loan but dismissed its suit shortly after filing it.

In February 2013, plaintiff filed suit against the Bank in state court alleging contract and tort claims arising out of the Bank's alleged promise that no additional obligations existed and its failure to disclose the open line of credit. Plaintiff alleged damages in excess of $75,000.

The Bank removed the petition to this court on the basis of diversity jurisdiction. This matter is now before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement. As will be explained, the motion is granted in part and denied in part.

In its entirety, plaintiff's petition contains ten numbered paragraphs and, absent the signature page, covers two pages in length. Although the petition alleges that plaintiff suffered damages "as a result of Defendant's breach of contract," the petition contains no allegations from which the court might infer that the Bank made any promise to perform. While plaintiff alleges that she "wanted to make certain" that any loan or mortgage abilities would be "closed, canceled or released," she does not contend in her petition that the loan officer promised to ensure that any obligations would be closed, canceled or released. Rather, she alleges only that the loan officer "ran a search on her computer" and reassured plaintiff that "no other obligations existed . . . as between [plaintiff's former spouse] and the Plaintiff." In the absence of any allegation that the Bank promised to perform (and any suggestion that plaintiff gave anything to the Bank in exchange for the Bank's promise), her breach of contract claim necessarily fails. *See Wittig v. Westar Energy, Inc.*, 235 P.3d 535, 540 (Kan. App. 2010) (breach of contract occurs when one party fails to perform its promise).

While these fatal defects are highlighted by the Bank in its motion to dismiss, plaintiff in response contends only that her petition is adequate for purposes of notice pleading. It is not. She is required to show that she is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), and her petition, under the most liberal reading, does not reflect that she would be entitled to recover damages on a breach of contract theory. And because plaintiff, in her response, identifies no additional facts

that might support a breach of contract claim, the court declines to provide plaintiff the opportunity to amend her petition. For these reasons, the court grants the Bank's motion to dismiss plaintiff's breach of contract claim.

Plaintiff also alleges in her two-page petition that she suffered damages as a result of the Bank's "negligence, gross negligence and negligent misrepresentation." The Bank contends that plaintiff has failed to adequately plead a negligence or gross negligence claim against the Bank and the court agrees. Plaintiff has not alleged that the loan officer owed a duty to plaintiff or that the loan officer breached a duty to plaintiff. *See Boykin v. CFS Enterprise, Inc*., 2008 WL 4534400, at *3 (D. Kan. Oct. 6, 2008) (negligence actions upon loan transactions have generally proved unsuccessful in Kansas because of the lack of duty owed by lenders) (collecting cases). Because plaintiff has not pleaded the elements of a negligence claim, this claim must be dismissed. Moreover, under Kansas law, "gross negligence" is synonymous with "wanton conduct" and plaintiff's petition contains no allegations suggesting that the loan officer, in advising plaintiff that no further obligations existed, realized "the imminence of danger" and acted with a "reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act." *Boaldin v. University of Kansas*, 747 P.2d 811, 814 (Kan. 1987). The court, then, also dismisses plaintiff's gross negligence claim.

With respect to plaintiff's negligent misrepresentation claim, the Bank also contends that plaintiff has failed to plead sufficient facts supporting the claim, although the Bank does not identify what elements of the claim have not been sufficiently pleaded. As the Bank acknowledges, the Kansas Supreme Court has adopted § 552 of the Restatement (Second) of Torts, which provides a cause of action for negligent misrepresentation. *See Mahler v. Keenan*

3

*Real Estate, Inc.*, 876 P.2d 609, 616 (Kan. 1994). Specifically, that section of the Restatement provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552 (1976). Plaintiff alleges in her petition that the loan officer advised her that no further obligations existed to the Bank as between plaintiff and her former spouse; that the information was false; and that she justifiably relied to her detriment on that information. Moreover, while the loan officer may not have owed a general duty to speak to plaintiff about any outstanding loan obligations to the bank, the loan officer, in responding to plaintiff's inquiry, was bound to make a full and fair disclosure. *See Sparks v. Guaranty State Bank*, 318 P.2d 1062 (1957) ("Even though one is under no obligation to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal facts within his knowledge which will materially qualify those stated. If he speaks at all, he must make a full and fair disclosure."). The court concludes, then, that plaintiff's allegations are sufficient to withstand the Bank's motion to dismiss. Moreover, while the Bank urges that, at a minimum, plaintiff should be required to provide a more definite statement because it cannot understand plaintiff's claim in light of certain discrepancies in the facts alleged by plaintiff, the court believes, particularly in light of plaintiff's allegation that the Bank previously sued plaintiff over the loan

transaction at issue (an allegation that the Bank has not challenged), that the Bank has sufficient information to mount a defense to plaintiff's claim.

Finally, the Bank moves to dismiss plaintiff's negligent misrepresentation claim on the grounds that it is barred by the two-year statute of limitations set forth in K.S.A. § 60-513(a)(4). Under the pertinent statute, a cause of action accrues when "the act giving rise to the cause of action first causes substantial injury, or . . . [when] the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. § 60-513(b). The statute of limitations begins to run in a tort action at the time a negligent act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person. *Moon v. City of Lawrence*, 982 P.2d 388, 394 (Kan. 1999). If the fact of injury is not reasonably ascertainable until some time after the initial act, then the limitations period begins when the fact of injury becomes reasonably ascertainable to the injured party. *Isnard v. City of Coffeyville*, 917 P.2d 882, 885 (Kan. 1996). The term "substantial injury" means that "the victim must have sufficient ascertainable injury to justify an action for recovery of the damages, regardless of extent." *Moon*, 982 P.2d at 395 (quotation omitted). "The true test to determine when an action accrues is that point in time at which the plaintiff could first have filed and prosecuted his [or her] action to a successful conclusion." *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc*., 936 P.2d 714, 719 (1997) (quotation omitted). When the evidence is disputed as to when substantial injury results or when it becomes reasonably ascertainable, this is for determination by the trier of fact. *Gilger v. Lee Constr., Inc*., 820 P.2d 390, 394 (Kan. 1991).

According to the Bank, plaintiff should have been aware of the fact that she had suffered an actionable injury more than two years prior to the filing of her petition because with the

exercise of reasonable diligence she could have ascertained during or shortly after the October 2010 meeting that, in fact, she and her former spouse had outstanding obligations to the Bank in the form of an open line of credit. Plaintiff contends that she did not suffer an actionable injury until February 2011, when her former spouse withdrew funds from the line of credit. As noted earlier, the Restatement (Second) of Torts § 552 sets forth the parameters of plaintiff's claim and, in such circumstances, this court has previously determined that a plaintiff suffers "substantial injury" within the meaning of K.S.A. § 60-513(b) when he or she suffers damages that would be recoverable under the principles set forth in the Restatement § 552B. *See First State Bank v. Daniel & Assocs., P.C.*, 491 F. Supp. 2d 1033, 1039 (D. Kan. 2007). In its motion, the Bank does not address when plaintiff suffered "substantial injury" for purposes of § 552B. Because the court cannot conclude as a matter of law at this juncture that plaintiff necessarily suffered legally cognizable injury at the time of the October 2010 meeting with the Bank's loan officer, it must deny the Bank's motion to dismiss on this issue. *See Slayden v. Sixta*, 250 Kan. 23, 26 (1992) (statute of limitations is an affirmative defense and the burden of pleading and proving its applicability rests on the defendant).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. 10) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2013, at Kansas City, Kansas.

6

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge